UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KRISTALEE RACHELLE PENIX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:17-cv-00202-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner Of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Kristalee Rachelle Penix seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied her claim for supplemental security income. Ms. Penix brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Ms. Penix's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Kristalee Rachelle Penix initially filed an application for supplemental security income on October 22, 2014, alleging disability beginning October 22, 2014. [Transcript (hereinafter, "Tr.") 11.] Her application was initially denied on January 9, 2015. Tr. 121–24. Ms. Penix requested reconsideration and a hearing. Tr. 11. That hearing was held on April 21, 2016. Tr. 72. On June 15, 2016, Administrative Law Judge Dennis Hansen returned an unfavorable decision for Ms. Penix. Tr. 25. She requested review from the Appeals Council,

who denied this request. Tr. 1.

To evaluate a claim of disability for supplemental security income benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At step one, the ALJ found that Ms. Penix had not engaged in substantial gainful activity since the application date of October 22, 2014. Tr. 13. At step two, the ALJ found Ms. Penix to suffer from the following severe impairments: degenerative changes of the lumbar spine, history of childhood heart repair surgery, obesity, affective disorder, anxiety disorder, personality disorder, and borderline intellectual functioning. *Id.* At step three, the ALJ determined her combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 or Part 416. *Id.* at 14. Before moving on to step four, the ALJ considered the record and determined that Ms. Penix possessed the following residual functioning capacity:

> [Ms. Penix] has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) as lifting and carrying no more than 20 pounds occasionally, with frequent lifting or carrying of objects weighing up to 10 pounds, sitting for 6 hours, and standing and walking for 6 hours, all in an 8-hour work day except this individual can frequently climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights, dangerous moving machinery, and can never operate a motor vehicle at work. This individual can understand and remember simple, routine, repetitive tasks, but may need assistance from supervisors or coworkers with written instructions; she can sustain attention and concentration to complete simple, routine, repetitive tasks with normal breaks every 2 hours. This individual can occasionally interact with supervisors, coworkers, and the public. She can adapt to routine work place conditions and to work place changes that are no more than occasional and that are gradually introduced.

*Id.* at 18. The ALJ did not determine whether Ms. Penix was capable of performing past relevant work because Ms. Penix has no past relevant work. *Id.* at 23. However, the ALJ did note that

3

Ms. Penix was only 24 years old (defined as a "younger individual"), has a high school education, and is able to communicate in English. *Id*. Thus, at step four, the ALJ determined Ms. Penix capable of performing jobs existing in the national economy. *Id*. at 24. Accordingly, the ALJ found at step five that Ms. Penix has not been under a disability since October 22, 2014. *Id*. at 25. Ms. Penix filed this action for review on July 20, 2017. [R. 2.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide

the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Ms. Penix presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision. Specifically, she argues (1) the ALJ gave insufficient weight to her subjective complaints of symptoms and (2) the ALJ erred in determining she could perform other work. [R. 12-1.] For the reasons set forth below, Ms. Penix's arguments do not warrant a reversal of the ALJ's determination.

## A

First, Ms. Penix argues that the ALJ failed to give sufficient weight to her own evaluations of her symptoms of her poor mental health. [R. 12-1 at 14–16.] As an initial matter, the Court recognizes that "neither this Court nor the ALJ 'may [ ] focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Young v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 644, 649 (E.D. Mich. 2004) (quoting *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978)). In other words, an ALJ "may not pick and choose the portions of a single report, relying on some and ignoring others, without offering some rationale" for the decision. *Id*. However, as has already been explained, this Court is limited to deciding whether the ALJ's decision, "is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). "If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id*. "The Court may not re-weigh the evidence

and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155 at *5 (E.D. Tenn. Mar. 30, 2009); see also *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). Thus, even if Ms. Penix is correct that substantial evidence also supports her conclusion, that would not justify granting her motion for summary judgment so long as substantial evidence of the record also supports the conclusion of the ALJ.

An individual's RFC is an administrative determination about the person's maximum ability to perform work-related activities and reflects the most that the person can do in a work-related setting despite his or her limitations. SSR 96-5p, 1996 WL 374183, at *5; 20 C.F.R. § 404.1545(a)(1). This assessment "is based upon consideration of all relevant evidence in the case record," including medical evidence as well as the individual's own statements of what he or she can do. SSR 96-5p, 1996 WL 374183, at *5; 20 C.F.R. § 404.1545(a)(3). Given the role of the Court at this stage in the process, the key issue is whether the ALJ's determination is supported by substantial evidence. *See* 42 U.S.C. § 405(g). As noted above, this Court must give deference to the Commissioner's decision "[e]ven if this Court might have reached a contrary conclusion of fact . . . so long as [the decision] is supported by substantial evidence." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010); *Ulman*, 693 F.3d at 714.

The regulations require the ALJ to consider all relevant evidence in the record. 20 C.F.R. § 404.1527(b); § 416.927. The ALJ considered Ms. Penix's testimony not to be entirely credible:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> In terms of the claimant's alleged impairments, the medical record establishes that the claimant's physical and mental symptoms are generally mild, and the evidence does not support a finding of disability.

Tr. 19. This was supported by the medical records from Harlan Appalachian Regional Hospital and Cumberland River Comp Care Center, as well as by opinions of Dr. Baggs. Records from Harlan Appalachian Regional Hospital indicate Ms. Penix reported sleeping better and improvement, as well as notes that she was alert, attentive, cooperative, and friendly. Tr. 625. The records from Cumberland River Comp Care Center also suggested that Ms. Penix suffered from only mild symptoms. Again, the notes indicate she was alert, attentive, cooperative, and friendly, and Ms. Penix reported improvement in her anxiety and depression. *Id*. 575–80. When evaluating Ms. Penix's statements, the ALJ followed Social Security Ruling (SSR) 16-3p. This requires the ALJ to "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. The ALJ did this, weighing Ms. Penix's testimony against her medical records, the expert opinion's, her mother's testimony as to her abilities, and other evidence presented. Tr. 18–23. The ALJ did not disregard her statements simply because they were not substantiated by medical documentation, but rather because the medical records and Ms. Penix's own testimony contradicted a finding of "severe" impairment. SSR 96-7(4); Tr. 23. Additionally, the ALJ outlined the specific reasons for his finding on credibility. SSR 96-7(5); Tr. 18–23.

The ALJ's evaluation of Ms. Penix's testimony is entitled to deference by this Court. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). As stated previously, "The Court may not re-weigh the evidence and substitute its own judgment for that of the

7

Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155, at *5 (E.D. Tenn. Mar. 30, 2009); see also *Her*, 203 F.3d at 389–90. So long as the ALJ cited substantial evidence to support his conclusions, this Court may not re-evaluate his determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Here, the ALJ's decision is supported by substantial evidence and therefore does not warrant dismissal.

**B**

Next, Ms. Penix claims the ALJ erred by finding that she could perform work in the national economy. [R. 12-1 at 18–19.] Based on the testimony of the vocational expert, considering Ms. Penix's age, education, work experience, and RFC, she is capable of jobs such as dish washer, packer, and inspector/tester. Tr. 87–88. If the hypothetical question posed to the vocational exert accurately portrays a claimant's physical and mental impairments, the response of the vocational expert is considered "substantial evidence." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235–39 (6th Cir. 2002). Here, that question was based on the ALJ's RFC, which is also supported by substantial evidence. Tr. 87. Thus, the expert's opinion is "substantial evidence" cited by the ALJ to support the conclusion that Ms. Penix could perform work. Again, so long as the ALJ cited substantial evidence to support his conclusions, this Court may not re-evaluate his determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Kristalee Rachelle Penix's Motion for Summary Judgment [**R. 12**] is **DENIED**, but the Commissioner's Motion for Summary Judgment [**R. 14**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge